IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LIONEL DALTON MURPHY, JR.,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-0299-A |
| | § | |
| **NATHANIEL QUARTERMAN, Director,**[1] | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Lionel Dalton Murphy, Jr., TDCJ-ID #1081803, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of court is directed to docket and change the designation of the Respondent.

Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedure History

By way of this petition, Murphy challenges his 2002 conviction and sentence for aggravated assault with a deadly weapon in Case No. 0809303 out of Criminal District Court Number Two of Tarrant County.[2] On April 25, 2006, Murphy filed this petition. Murphy has filed a previous federal petition for writ of habeas corpus in this court challenging the same conviction and sentence. *Murphy v. Dretke*, CM/ECF, Civil Docket for Case # 4:03-CV-1368-Y (denied on the merits). Quarterman has filed a motion to dismiss the instant petition for lack of subject matter jurisdiction.

## D. Successive

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[3] Further, before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.* §

---

[2] The court takes judicial notice of the court documents and records filed in Murphy's prior federal habeas corpus action.

[3] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2244(b)(3).

From the face of this petition, it is apparent that this is a successive petition, and Murphy has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).[4] Murphy must first seek an order authorizing this court to consider a successive petition from the Fifth Circuit Court of Appeals. *See In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000); *Rogers v. Cockrell*, No.4:02-CV-954-Y, 2003 WL 21246099, at *2 (N.D. Tex. Apr. 14, 2003).

## II. RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED and Murphy's petition for writ of habeas corpus under 28 U.S.C. §2254 should be DISMISSED without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[4]Murphy replied to Quarterman's motion to dismiss by filing "Petitioner's Motion For Leave To Stay Petitioner's Instant 2254 Habeas Corpus Petition W/Brief In Support," on June 28, 2006. In the motion, Murphy asks the court to stay this action until he has obtained authorization from the Fifth Circuit to file a successive petition. However, absent jurisdiction, this court has no authority to act on the motion.

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 29, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 29, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 29, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE